IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAMON ROSS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 1:21-cv-3506 ) |
| GLENWOOD LOTZ MALL CORNERS HOLDING COMPANY, LLC, | ) ) ) ) |
|     Defendant. | ) |

## CONSENT DECREE

This Consent Decree is made and entered into by and between Plaintiff Kamon Ross ("Plaintiff") and Defendant Glenwood Lotz Mall Corners Holding Company, LLC ("Defendant") with approval of this Court.

## PREAMBLE

**WHEREAS**, Plaintiff asserted claims in the above-styled action (the "Action") for injunctive relief against Defendant, based upon purported violations of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, *et seq*. (the "ADA") and related claims for failure to remove physical barriers to access regarding the subject property known commonly as Mall Corners Shopping Center

and located at 2131 Pleasant Hill Road, Duluth, GA, in Gwinnett County, Georgia (the "Subject Property"); and

**WHEREAS**, Defendant denies having violated any federal laws;

**WHEREAS**, the Parties desire to avoid expense, time, effort, and uncertainty of current or future litigation;

**WHEREAS**, subject to the terms set forth below, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") have agreed to finally resolve any and all claims and disputes by and between and among them; and

**WHEREFORE**, in consideration of the promises and the mutual covenants and undertakings contained herein and incorporated into this Consent Decree, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree to the following terms and conditions as a full and complete settlement of the Lawsuit:

**I.     RELEASE**. Upon Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiff hereby generally releases and discharges Defendant, its officers, employees, agents, attorneys, shareholders, successors and assigns from any and all legal or equitable claims, demands, liabilities, debts, judgments, damages, expenses, actions, or causes of action including without limitation claims arising under the ADA and/or any other federal, state, or local law

governing access features and policies for persons with disabilities at public accommodations whether before any federal, state, or local agency, court of law, or in any other forum, and any and all claims that could have been alleged in the above-styled action (the "Action") regarding the Subject Property.

## II.     Alterations or Modifications to the Subject Property

2.1     The Parties hereto acknowledge and stipulate that Defendant shall modify, alter, or cause to be modified or altered, the Subject Property as set forth in "Exhibit 1," attached hereto. The repairs or modifications identified in "Exhibit 1" shall be completed in all respects no later than six (6) months from the entry of the Order.

2.2     Upon completion of the alterations and modifications set forth in "Exhibit 1," Defendant shall provide written notice by certified or registered mail, or via electronic mail, to Plaintiff's Counsel.

2.3     The Parties stipulate that after Plaintiff's Counsel receives notice of the completion of the alterations or modifications to the Subject Property as described in "Exhibit 1," or after the elapse of the six (6) month time period set forth in Paragraph 2.1, above, whichever is sooner, Plaintiff may, within thirty (30) days from notice of the completion or expiration of the six (6) month time period, whichever is sooner, and upon written notice to Defendant of intent to inspect no

less than ten (10) days from inspection, inspect the Subject Property to ensure that Defendant has completed, or has caused to be completed, the modifications or alterations described in "Exhibit 1." Defendant shall provide Plaintiff or their designated representative reasonable access during normal business hours to the Subject Property to verify completion of the work described in "Exhibit 1." Plaintiff or their designated representative agrees to conduct their inspection without interruption to or adversely impacting the business operation at the Subject Property.

2.4     If an inspection contemplated herein reveals that any of the alterations or modifications described in "Exhibit 1" have been performed in a manner that does not materially comply with "Exhibit 1," Plaintiff shall have the right to enforce this Agreement.

2.5     It is agreed by the Parties that upon all of the modifications being completed as set forth in "Exhibit 1," the Subject Property will be deemed fully compliant with the ADA and 2010 ADAAG pursuant to the readily achievable standard.

**III.    ENFORCEMENT**. In the event that either party fails to comply with the provisions of this Consent Decree, the other party shall have the right to enforce. The prevailing party shall be entitled to recover reasonable attorney's fees, costs and litigation expenses pursuant to the standards of 42 U.S.C. § 12205.

**IV.    MONETARY CONSIDERATION**. Within fourteen (14) days of the entry of this Consent Decree, Defendant shall pay Plaintiff's counsel, Julie McCollister, Esq., the amount of $8,000.00 as payment of reasonable attorney's fees in connection with this lawsuit.

**V.    COUNTERPARTS**. The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. The Parties agree that a scanned, emailed, or facsimile copy of a party's signature shall be deemed the equivalent of an original.

**VI.    VOLUNTARY EXECUTION**. The Parties represent and acknowledge that this Consent Decree is given and executed voluntarily, and is not based upon any representation by any of the Parties to another party as to the merits, legal liability, or value of any claim of the Parties or any matters related thereto.

**VII.    AUTHORITY TO EXECUTE**. The Parties represent and warrant to each other that the person executing this Consent Decree has full authority and capacity to execute this Consent Decree and to give the release and other promises contained in this Consent Decree.

**VIII.    APPLICABLE LAW**. This Consent Decree shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of

capacity to execute this Consent Decree and to give the release and other promises contained in this Consent Decree.

**VIII. APPLICABLE LAW.** This Consent Decree shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia and the Americans With Disabilities Act in effect as of the date of this Consent Decree.

**IX. DISMISSAL OF THE INSTANT LAWSUIT.** Upon execution of this Consent Decree by all, the Parties shall file a joint dismissal of the Action with prejudice requesting that the Court retain jurisdiction to enforce this Consent Decree. The effectiveness of this Consent Decree is conditioned on the Court approving and entering and retaining jurisdiction to enforce. In the event the Court declines, then this Consent Decree shall be null and void and dismissal shall be withdrawn and this litigation shall proceed.

IN WITNESS WHEREOF, the parties have hereunto signed their names on the day and year written below.

"PLAINTIFF"

_____
Kamon Ross

Date
10/28/2021

"DEFENDANT"

_____

-6-

capacity to execute this Consent Decree and to give the release and other promises contained in this Consent Decree.

**VIII. APPLICABLE LAW.** This Consent Decree shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia and the Americans With Disabilities Act in effect as of the date of this Consent Decree.

**IX. DISMISSAL OF THE INSTANT LAWSUIT.** Upon execution of this Consent Decree by all, the Parties shall file a joint dismissal of the Action with prejudice requesting that the Court retain jurisdiction to enforce this Consent Decree. The effectiveness of this Consent Decree is conditioned on the Court approving and entering and retaining jurisdiction to enforce. In the event the Court declines, then this Consent Decree shall be null and void and dismissal shall be withdrawn and this litigation shall proceed.

IN WITNESS WHEREOF, the parties have hereunto signed their names on the day and year written below.

"PLAINTIFF"

_____
Kamon Ross

Date

_____

"DEFENDANT"

_____
Glenwood Lotz Mall Corners Holding Company, LLC
By: _Greg Saul_ (Name)
As its: _Manager_ (Title)
Date: _10/28/21_

SO ORDERED, this _____ day of _____, 2021.

                                        Mark H. Cohen, Judge
                                        United States District Court
                                        Northern District of Georgia, Atlanta Division

**CONSENTED TO BY:**

| **KITCHENS KELLEY GAYNES, P.C.** | **MCCOLLISTER LAW LLC** |
|---|---|
| By: /s/ *C. Joseph Hoffman*<br>    C. Joseph Hoffman<br>    Georgia Bar No. 984961<br>    *Attorney for Defendant* | By: /s/ *Julie McCollister* *<br>    Julie McCollister<br>    Georgia Bar No. 450726<br>    *Attorney for Plaintiff* |
| Glenridge Highlands One - Suite 800<br>5555 Glenridge Connector<br>Atlanta, GA 30342<br>Telephone: (404) 237-4100<br>Facsimile: (404) 364-0126<br>Email: jhoffman@kkgpc.com | P.O. Box 2525<br>Blairsville, GA 30514<br>Telephone: (706) 745-0057<br>Email: jbmccollister@gmail.com<br><br>\*  Signed by permission |

## **EXHIBIT 1**

1.  The curb ramp projecting into the access aisle in the parking lot will be removed and Defendant shall install a new ramp recessed into the sidewalk.

2.  The two benches located at the corner of the SAS Shoes tenant shall be removed from the area so that there is no ADA access needed to that area.

3.  The broken, uneven, and cracked pavement in the parking area identified below will be filled by asphalt:

